UNITED STATES of America, Appellee,

v.

Jaime Vasquez LONDANO, also known as Luis, also known as Luis Feliberth, Edgar Romero Rivillas, Hernando Romero Rivillas, Wilfredo Alvarado, also known as Francisco Quezida, Defendants,

Hector Cano Munera, Defendant–Appellant.

Docket No. 01–1418.

United States Court of Appeals, Second Circuit.

Feb. 27, 2002.

James C. Neville, Smithtown, NY, for Appellant.

Mark F. Mendelsohn, Assistant United States Attorney; David Raymond Lewis, Assistant United States Attorney, for Mary Jo White, United States Attorney, on the brief, United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

Present LEVAL, CALABRESI, Circuit Judges, and STEIN, District Judge.*

---

* Honorable Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

**IN CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Hector Munera appeals from a judgment of conviction entered in the United States District Court for the Southern District of New York. Munera pled guilty to conspiracy to possess and distribute cocaine, and to possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 846. Munera contends that the district court erred by not permitting him to make a new proffer to satisfy the "safety valve" provisions of 18 U.S.C. § 3553(f)(5) and U.S.S.G. §§ 2D1.1(b)(6), and 5C1.2(5).

In an effort to qualify for the safety valve, Munera made proffers at two meetings with the Government's attorneys, and after each proffer the Government concluded that he had lied. The Government gave Munera an additional opportunity to make a proffer, which Munera indicated that he was not interested in pursuing. On December 7, 2000, the day set for sentencing, Munera requested that the court adjourn sentencing to permit him to make a new proffer. **SA 35** The court adjourned sentencing, and the Government scheduled a meeting to permit Munera to make a proffer, but on the day scheduled, the defense canceled, telling the Government that Munera no longer wished to meet. On January 29, 2001, when sentencing resumed, the court explained that he would not be entitled to receive the benefit of the safety valve provisions because of his untruthful answers and refusal to meet with the Government. Munera then asked to make a proffer. The district court properly rejected the application.

This ruling was proper. The defendant has the burden of showing that he has met the criteria of the safety valve provisions. *United States v. Gambino,* 106 F.3d 1105, 1110 (2d Cir.1997). The Guidelines permit application of the safety valve where *"not later than the time of the sentencing hearing,* the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. § 5C1.2(5) (emphasis added). On this record, the defendant cannot satisfy that burden.